UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID PEREZ,

          Plaintiff,

v.

          Case No. 3:19-cv-880-J-34MCR

JUSTIN C. ANDERSON,
et al.,

          Defendants.

## ORDER

### I. Status

Plaintiff David Perez, an inmate of the Florida penal system, initiated this action on July 25, 2019, under the mailbox rule, by filing a pro se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint on November 18, 2019. In the Amended Complaint,[1] Perez asserts claims pursuant to 42 U.S.C. § 1983 against the following Defendants: (1) Justin C. Anderson; (2) Matthew Bellamy; (3) Jonas Carballosa; (4) Craig Maguire; (5) Joseph D. McGinnis; and (6) Richard M. Thurmond. He states that Defendants violated his federal constitutional right when they used excessive force against him during his arrest on February 2, 2017. As relief, he requests monetary damages.

This matter is before the Court on Defendants Anderson, Maguire, and McGinnis' Motion to Dismiss (Motion; Doc. 29) and Defendant Bellamy's Motion to Dismiss (Bellamy

---

[1] The Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

Motion; Doc. 26). The Court advised Perez that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter and gave him an opportunity to respond. See Order (Doc. 11). Perez filed a response in opposition to the Motions. See Reply to Show Cause Order (Response; Doc. 39). Thus, Defendants' Motions are ripe for review.

## II. Plaintiff's Allegations[2]

Perez asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him during his February 2, 2017 arrest in St. Augustine, Florida. Complaint at 3, 5. As to the underlying facts, he avers that Defendant Thurmond "pointed his firearm" at Perez, handcuffed him, punched Perez's ribs, and used the butt of the gun to hit Perez's face. Id. at 5. He also states that Defendant Carballosa hit Perez in the ribs and left ear. According to Perez, other Defendants "used physical force" upon him, causing him to be hospitalized. Id.

## III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable

---

[2] The Complaint is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the Complaint and may differ from those that ultimately can be proved.

inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro

3

se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, Ga., 438 F. App'x 837, 839 (11th Cir. 2011)[3] (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 706).

### IV. Discussion

In the Complaint, Perez asserts that other Defendants "used physical force upon [him] that caused hospitalization." Complaint at 5. In the Motions,[4] Defendants request dismissal of Perez's claims against them because Perez fails to state plausible Fourth Amendment claims against them. See Motion at 2-3; Bellamy Motion at 2-3. They state that Perez "is silent" as to how Defendants Anderson, Maguire, McGinnis, and Bellamy violated his federal constitutional rights. Motion at 2; Bellamy Motion at 2. In his Response, Perez asserts that he intended "to explain in detail how each defendant acted under color of law in a later proceeding via ore [t]enus." Response at 1; see Complaint at 5 ("to be argue[d] oral tenus"). He elaborates in his Response, stating that Bellamy,

---

[3] "Although an unpublished opinion is not binding . . . , it is persuasive authority." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000) (per curiam); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[4] Defendants' Motions are strikingly similar.

Maguire, and McGinnis participated in the beating, and Anderson placed a weapon on Perez's minor son's head. See Response at 2.

A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). To avoid dismissal for failure to state a claim on which relief can be granted, a complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Moreover, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. at 679.

In the Complaint, Perez fails to provide any facts as to how Defendants Anderson, Maguire, McGinnis, and Bellamy violated his federal constitutional rights and/or were involved in the alleged abuse on February 2, 2017. Thus, Defendants' Motions are due to be granted, and Perez's excessive-use-of-force claims against Defendants Anderson, Maguire, McGinnis, and Bellamy are due to be dismissed. See Iqbal, 556 U.S. at 678.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants Anderson, Maguire, and McGinnis' Motion to Dismiss (Doc. 29) and Bellamy's Motion to Dismiss (Doc. 26) are **GRANTED** as to Perez's excessive-use-of-force claims against them.

2. The Clerk shall terminate Justin C. Anderson, Craig Maguire, Joseph D. McGinnis, and Matthew Bellamy as Defendants in the case.

3. The Court will issue a separate order setting deadlines for discovery and the filing of dispositive motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of October, 2020.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

sc 10/13
c:
David Perez, FDOC #X67412
Counsel of Record