UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID PEREZ,

        Plaintiff,

v.

        Case No. 3:19-cv-880-MMH-MCR

JONAS CARBALLOSA and
RICHARD M. THURMOND,

        Defendants.

## **ORDER**

### **I. Status**

Plaintiff David Perez, an inmate of the Florida penal system, initiated this action on July 29, 2019, by filing a pro se Civil Rights Complaint (Doc. 1). He filed an Amended Complaint (AC; Doc. 8) on November 18, 2019.[1] In the AC, Perez asserts claims pursuant to 42 U.S.C. § 1983 against Jonas Carballosa and Richard M. Thurmond.[2] He states that Defendants violated his federal constitutional right when they used excessive force against him during his February 2, 2017 arrest. As relief, he requests monetary damages.

---

[1] In referencing documents filed in this case, the Court cites to the document and page numbers as assigned by the Court's Electronic Case Filing System.

[2] The Court granted Defendants' Motions to Dismiss (Docs. 26, 29) and dismissed Defendants Anderson, Bellamy, Maguire, and McGinnis as Defendants in the action. See Order (Doc. 43).

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings (Motion; Doc. 56). Perez filed a response in opposition to the Motion. See Response to Defendants' Motion for Judgment on the Pleadings (Response; Doc. 66). Thus, Defendants' Motion is ripe for review.

## II. Plaintiff's Allegations[3]

Perez asserts that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment when they used excessive force against him during his February 2, 2017 arrest in St. Augustine, Florida. See AC at 3, 5. As to the specific underlying facts, he avers that Defendant Thurmond "pointed his firearm" at Perez, handcuffed him, punched Perez's ribs, and used the butt of the gun to hit Perez's face. Id. at 5. He also states that Defendant Carballosa hit Perez in the ribs and on his ear "so hard" that it bled. Id. Perez asserts that he was hospitalized. See id.

## III. Standard of Review

Rule 12(c), Federal Rules of Civil Procedure (Rule(s)), provides that a party may move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial …." Fed. R. Civ. P. 12(c). Entry of a judgment on the pleadings is proper when there are no issues of material fact,

---

[3] The recited facts are drawn from the AC.

and the movant is entitled to judgment as a matter of law. Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996). As such, a court should enter judgment on the pleadings only "when material facts are not in dispute and judgment can be rendered by looking at the substance of the pleadings and any judicially noticed facts." Bankers Ins. Co. v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998). Rule 7(a) defines "pleadings" as complaints, counterclaims, crossclaims, answers, and court-ordered replies to answers. See Fed. R. Civ. P. 7(a). In determining whether to grant a motion for judgment on the pleadings, the Eleventh Circuit instructs that the court must accept "as true all material facts alleged in the non-moving party's pleading, and view those facts in the light most favorable to the non-moving party." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). If comparing the allegations in the competing pleadings discloses a material dispute of fact, judgment on the pleadings must be denied. Id. (citing Stanton v. Larsh, 239 F.2d 104, 106 (5th Cir. 1956)).[4] "In other words, a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." Stanton, 239 F.2d at 106.

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

## IV. Summary of the Arguments

In the Motion, Defendants maintain that they are entitled to judgment on the pleadings because Perez alleges that Defendants violated the Eighth Amendment, and "the Eighth Amendment has no application under the facts of this case." See Motion at 2. They assert that Perez's Eighth Amendment claims against them must be dismissed because "[a]ll claims related to the alleged use of excessive force during the arrest process must be analyzed under the Fourth Amendment," and Perez has not asserted claims under the Fourth Amendment. Id. at 3. In his Response, Perez states that there are genuine issues of material fact relating to Defendants' use of excessive force on the day of his arrest, and therefore asks that the Court deny Defendants' Motion. See generally Response.

## V. Discussion

Although Defendants identify Rule 12(c) as authorizing the filing of their Motion, they do not address the standard of review applicable to a motion for judgment on the pleadings, much less the significant burden a party must carry in order to establish an entitlement to entry of a judgment on the pleadings. See generally Motion. Instead, Defendants concentrate their efforts on a brief discussion related to Perez's reliance on the Eighth Amendment rather than the Fourth Amendment. In doing so, Defendants fail to recognize

4

that a judgment on the pleadings must be based solely on the undisputed facts as disclosed by the pleadings. Here, in their Answers (Docs. 25, 28), Defendants deny the relevant factual allegations that Perez sets forth in the AC. Because the pleadings disclose disputed material issues of fact, the Court cannot conclude that judgment can be rendered by viewing the pleadings alone.

Moreover, Defendants' reliance on Perez's citation to the Eighth Amendment is unavailing. All pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). That directive unequivocally applies in cases filed by pro se litigants. "A pro se pleading is held to a less stringent standard than a pleading drafted by an attorney and is liberally construed." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017); see also Torres v. Miami-Dade Cnty., 734 Fed. App'x 688, 691 (11th Cir. 2018) ("Liberal construction, in more concrete terms, means that federal courts must sometimes look beyond the labels used in a pro se party's complaint and focus on the content and substance of the allegations.").

Defendants maintain, and this Court agrees, that Perez's claims against Defendants are based on factual assertions involving the use of excessive force during an arrest, which are governed by the Fourth Amendment, not the

Eighth Amendment.[5] However, such erroneous citation does not warrant entry of judgment in favor of Defendants. Indeed, "'[a] complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997) (citations omitted); see also Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981) ("The form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim.") (citations omitted). As such, Defendants' Motion is due to be denied.

In consideration of the foregoing, it is now

**ORDERED**:

1. Defendants' Motion for Judgment on the Pleadings (Doc. 56) is **DENIED**.

2. The parties must confer in good faith to discuss the issues and the possibility of settlement as to Perez's claims for excessive use of force against Defendants. **No later than November 10, 2021**, the parties must notify the

---

[5] The Eleventh Circuit has instructed that "under the Supreme Court's current framework, **the Fourth Amendment covers arrestees**, the Eighth Amendment covers prisoners, and the Fourteenth Amendment covers 'those who exist in the in-between—pretrial detainees.'" Crocker v. Beatty, 995 F.3d 1232, 1246 (11th Cir. 2021) (quoting Piazza v. Jefferson Cnty., 923 F.3d 947, 952 (11th Cir. 2019)) (emphasis added).

Court whether they are able to reach a settlement. If the parties are unable to settle the case privately among themselves, they must notify the Court if they wish to have the case referred to a United States Magistrate Judge for a settlement conference. Otherwise, the Court will enter a case management order, set a trial date, and direct the parties to begin trial preparations.

**DONE AND ORDERED** at Jacksonville, Florida, this 12th day of October, 2021.

/s/ Marcia Morales Howard
MARCIA MORALES HOWARD
United States District Judge

Jax-1 10/12
c:
David Perez, # X67412
Counsel of Record

7