UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID PEREZ,

        Plaintiff,

v.

                                 Case No. 3:19-cv-880-MMH-SJH

ROBERT HARDWICK, et al.,

        Defendant.

_____

## ORDER

Plaintiff David Perez, with assistance of counsel, filed a Motion for New Trial under Federal Rule of Civil Procedure 59 (Motion for New Trial; Doc. 228). Defendants filed a response opposing his request for relief (New Trial Response; Doc. 233). Perez also filed a pro se Motion for Extension of Time to file an appeal (Motion for Extension of Time; Doc. 227), and Defendants filed a response in opposition to that request as well (Extension Response; Doc. 232).[1] The Motions are ripe for the Court's consideration.

Plaintiff initiated this action by filing a Complaint for Violation of Civil Rights under 42 U.S.C. § 1983. After the Court appointed pro bono counsel to represent Perez, see Order (Doc. 83), the case proceeded to trial on federal

---

[1] While counsel had been appointed to represent Perez during litigation, the Court permitted counsel to withdraw on March 14, 2025. See Order (Doc. 231).

claims of excessive use of force and failure to intervene as well as a state law claim of battery related to actions taken during Perez's arrest on February 2, 2017. The trial commenced on February 5, 2025, see Clerk's Minutes (Doc. 214), and continued until February 7, 2025, when the jury returned a verdict in favor of all Defendants as to all claims, see Verdict (Doc. 221).

## I.    Motion for New Trial

In the Motion for New Trial, Perez asserts he was denied a fair trial based on the admission of evidence regarding: (A) his 2018 conviction in the underlying criminal case and the resulting thirty-year sentence; and (B) his drug use on or around the date of the arrest. Rule 59(a) of the Federal Rules of Civil Procedure (Rule(s)) provides that "[t]he court may, on motion, grant a new trial on all or some of the issues . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." When a motion for new trial is based on an argument that evidence was improperly admitted, "a new trial is warranted only where the error has caused substantial prejudice to the affected party (or, stated somewhat differently, affected the party's substantial rights or resulted in substantial injustice)." Peat, Inc. v. Vanguard Research, Inc., 378 F.3d 1154, 1162 (11th Cir. 2004) (internal quotation marks omitted). The Eleventh Circuit has explained that an error affects a substantial right when it "probably had a substantial

influence on the jury's verdict." Proctor v. Fluor Enterprises, Inc., 494 F.3d 1337, 1352 (11th Cir. 2007).

Generally, all relevant evidence is admissible unless otherwise prohibited. Fed. R. Evid. 402. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Pursuant to Rule 609 of the Federal Rules of Evidence (Evidence Rule(s)), evidence of conviction for a crime that was punishable by death or more than one-year-imprisonment "must be admitted" in a civil case. Fed. R. Evid. 609(a)(1) (emphasis added). A court may, however, exclude even relevant evidence if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Notably, even evidence a court determines to exclude, can ultimately find its way to the jury. "Opening the door, also known as curative admissibility, occurs when a party offers inadmissible evidence before a jury." Rivera v. Ring, 810 F. App'x 859, 866 (11th Cir. 2020) (citing Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc., 389 F.3d 1339, 1349 (11th Cir. 2004)).[2] In that

_____

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022);

circumstance, once a party offers the inadmissible evidence, the court has the discretion to allow the opposing party to offer otherwise inadmissible evidence on the same matter to rebut any unfair prejudice created. <u>Bearint</u>, 389 F.3d at 1349.

### A. *2018 Conviction and Thirty-Year Prison Sentence*

Perez alleges evidence of his 2018 conviction and the resulting thirty-year term of imprisonment should have been excluded under Evidence Rules 401 and 403 because the evidence was irrelevant and substantially more prejudicial than probative. <u>See</u> Motion for New Trial at 3–6. Perez further asserts the evidence was improper character evidence prohibited by Evidence Rule 609. <u>Id.</u> at 3.

Through counsel, Perez filed a pretrial Motion in Limine (First Motion in Limine; Doc. 154) requesting, in relevant part, to exclude this specific evidence. The Court initially granted this portion of the First Motion in Limine, to the extent that only the number of Perez's felony convictions could be elicited pursuant to Rule 609(a)(1). The Court, however, noted that Perez might open the door to evidence of his 2018 conviction and/or sentence at trial. After counsel made their opening statements at trial, it became evident that Perez intended to deny all involvement in any of the alleged offenses that gave rise

---

<u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

to the February 2017 arrest and discredit the investigation leading to the
arrest. Defendants consequently requested that the Court allow the
introduction of evidence of the 2018 conviction for the offenses related to that
arrest. The Court held to its original ruling but cautioned Perez again that the
door would likely be opened if Perez continued with the strategy of disputing
all involvement in the underlying criminal acts and essentially arguing this
was a case of false arrest. Despite this, Perez continued to question each
Defendant in his case-in-chief in a manner aimed to undermine their
investigation and believability. The Court still only allowed evidence of Perez's
2018 conviction after Perez testified on direct examination, denying all
responsibility for any crime that day and made every effort to discredit the
investigation leading to his arrest. The evidence and testimony presented by
Perez in his case-in-chief opened the door to the admission of his 2018
conviction. See O'Hare v. Lake Cnty. Fla., No. 21-12254, 2023 WL 110790, at
*4 (11th Cir. Jan. 5, 2023)[3] (affirming the admission of evidence regarding
underlying conviction for possession of child pornography in §1983 excessive
force trial after the plaintiff "opened the door to the convictions evidence by

---

[3] The Court does not rely on unpublished opinions as binding precedent; however,
they may be cited in this Order when the Court finds them persuasive on a particular
point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see
generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not
considered binding precedent, but they may be cited as persuasive authority.").

introducing the issue of probable cause and through his mother's repeated denials that [the plaintiff] was involved with child pornography."); see e.g., United States v. Johnson, 730 F.2d 683, 691 (11th Cir. 1984) ("Although the district court may have been correct in initially determining that the prejudicial effect of the mortgage scheme outweighed its probative value, the court properly ruled that once defense counsel 'opened the door' on cross-examination, . . . the scheme's probative value was enhanced such that it outweighed its prejudicial effect."). While Perez argues he was "not being tried twice for the same crimes related to his 2017 arrest," it is he who introduced the issue of his guilt or innocence with respect to the underlying offenses, and it became necessary to allow evidence of his convictions to rebut the prejudice created by Perez's one-sided description of the events.

The fact that Perez was going to remain incarcerated for a lengthy period became relevant to his claim for damages. However, even after finding the fact of his incarceration to be admissible, the Court still had no intention of allowing evidence of the specific length of his sentence—only that Perez would be incarcerated for a lengthy period of time. It was not until Perez denied that he would be incarcerated "for a while" and instead testified misleadingly that he would be out of prison "this year" that the Court ruled Perez had opened the door to evidence of his specific sentence. At that time, evidence of his

6

sentence became admissible to remedy Perez's misstatement of the facts regarding the length of his incarceration.

Notably, during Perez's case-in-chief, Perez himself introduced evidence showing that he was incarcerated. This occurred through the introduction of jail and prison medical records spanning a significant period that Perez entered into evidence and published to the jury. The fact that the jury had already been privy to the fact of his imprisonment greatly diminished any prejudice resulting from evidence of his conviction and specific sentence.

As to Perez's assertion that this evidence was impermissible character evidence, Perez fails to articulate a basis for such an argument. The evidence became relevant and admissible for the reasons outlined above, and the Court recalls no suggestion from defense that Perez acted in accordance with his character based on this evidence. As such, the Court does not find this evidence caused substantial prejudice to Perez and a new trial is not warranted on this basis.

### B. Evidence of Drug Use

Perez alleges that the introduction of evidence of his drug use in and around the time of the arrest and evidence that he tested positive for drugs the night of the arrest was unfairly prejudicial. See Motion for New Trial at 7–9. He asserts the evidence was not relevant under Rule 401, and to the extent it

may have been relevant, it should have been excluded under Rule 403 because the evidence was "substantially more prejudicial than probative." Id.

Because of the potential prejudice of drug use evidence, the Eleventh Circuit has "held that such evidence may properly be limited to specific instances of drug use during relevant periods of trial and the transaction at issue in the case." Knight through Kerr v. Miami-Dade Cnty., 856 F.3d 795, 817 (11th Cir. 2017) (quoting United States v. Sellers, 906 F.2d 597, 602 (11th Cir. 1990)) (internal quotation marks omitted); accord Jarrett v. United States, 822 F.2d 1438, 1446 (7th Cir. 1987) ("A witness's use of drugs may not be used to attack his or her general credibility, but only his or her ability to perceive the underlying events and testify lucidly at the trial."). Perez filed a pretrial motion in limine seeking to exclude evidence of his drug use contained in the Flagler Hospital medical records, see Second Motion in Limine (Doc. 156), and reargued the matter before the beginning of trial on the same basis. The Court ruled that the evidence of Perez's drug use on or around the date of the arrest was relevant to whether he could accurately perceive and recall the events. Because Perez argued that the evidence did not establish that he was actually under the influence of drugs at the time, the Court explained that Perez was free to elicit that evidence and argue he was not under the influence of those drugs at the time of the arrest.

At trial, Perez entered into evidence medical records from Flagler
Hospital created the night of the arrest. See Flagler Reports (Doc. 217-9). The
Flagler Reports show that Perez tested positive for cocaine that night. Id. at
10. The notes further reflect that those results were "expected" because Perez
"admitted to using these drugs." Id. at 38. The triage notes also record that
Perez was a "current user" of heroin and that medical personnel had instructed
him to "quit doing heroin." Id. at 24, 29.[4] Perez also introduced into evidence
medical records from St. Johns County Jail. See St. Johns Records (Doc. 217-
21). On cross-examination of Perez, defense counsel highlighted portions of
those records, which stated that on February 22, 2017 (twenty days after the
arrest), the nurse saw Perez "for follow up after completing withdrawal from
heroin" (Id. at 73).[5] While not highlighted for the jury through testimony, these
records contained numerous other references to Perez's heroin use prior to his
incarceration and detox from heroin while in custody. See id. at 3, 6, 14, 21, 22,
23, 25, 27, 29, 31, 34, 36, 71.

Perez elicited testimony from the Flagler Hospital doctor that he could
not definitively determine whether, at the time of the arrest, Perez was under
the effects of the drugs for which he tested positive, and that at the time of his

---

[4] While this specific evidence was not highlighted through testimony, it was
available to the jury through the evidence submitted by Perez.
[5] Perez did not make a separate objection to this questioning.

hospital evaluation, Perez appeared alert and oriented. In his testimony, Perez denied any use of heroin but stated he used cocaine and pills. Perez further testified that he did not have an interpreter during his medical evaluations at St. John's County Jail, suggesting that any statements regarding his drug use may have resulted from a misunderstanding.

The evidence of Perez's drug use was highly relevant to his ability to perceive and testify accurately regarding the events at issue. This is particularly true in this case where Perez's version of the arrest varied dramatically from that of the officers. While drug use evidence is inherently prejudicial, the prejudice did not substantially outweigh its probative value in the context of this case. Moreover, any prejudice caused by this evidence was lessened by Perez's ability to offer his own evidence to persuade the jury he was not under the effects of these drugs at the time of the incident. For these reasons, the Court does not find Perez's substantial rights were impacted by the admission of the drug use evidence and denies the Motion for New Trial on this basis.

## II.    Motion for Extension of Time

Perez requests a sixty-day extension of time to file a notice of appeal because he "now has to go through institutional trained law clerks to assist with the filing of this appeal and is trying to obtain adequate legal assistance to help facilitate this appeal." See Motion for Extension of Time at 1. Generally,

10

a notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. Civ. P. 4(a)(1)(A). However, upon the filing of a timely motion for new trial pursuant to Rule 59, "the time to file an appeal runs for all parties from the entry of the order disposing" of that motion. Id. 4(a)(4)(A)(v). A court may grant an extension of time upon a showing of excusable neglect or good cause, but the extension must not exceed thirty days after the prescribed time or fourteen days after the grant of extension, whichever is later. Id. 4(a)(5)(A), (C).

Here, Perez filed the motion for extension on March 10, 2025,[6] within the time frame to file an appeal, evidencing his knowledge of the time restriction. The sole basis for his request is that he wishes to seek assistance of a law clerk now that he is pro se. Perez has now had some three months to seek that assistance. As such, the Court does not find Perez has shown good cause or excusable neglect at this time to warrant the lengthy extension he seeks. See United States v. Pippin, 473 F. Supp. 2d 1171, 1173 (M.D. Ala. 2006) ("[I]ndigence and pro se status alone are not sufficient for a finding of excusable neglect or good cause.")[7] Indeed, with the timely filing of the Motion for New

---

[6] See Houston v. Lack, 487 U.S. 266, 276 (1988) (mailbox rule).

[7] The Court notes that although decisions of other district courts are not binding, they too may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

11

Trial, his time to file an appeal now runs from the entry of this Order. Fed. R.

Civ. P. 4(a)(4)(A)(v). Thus, Perez has already received additional time in which

to seek assistance.

Accordingly, it is

**ORDERED** that:

1.     "Plaintiff David Perez's Motion for New Trial Pursuant to Federal

Rule of Civil Procedure 59 and Incorporated Memorandum of Law" (Doc. 228)

is **DENIED**.

2.     Perez's "Motion for Extension of Time" (Doc. 227) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 3rd day of July,

2025.

**MARCIA MORALES HOWARD**
United States District Judge

JaxP-12

C:     David Perez, X67412
       Counsel of Record

12